

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

Signed March 5, 2010                                   United States Bankruptcy Judge

---

ATTORNEY FOR VANDERBILT MORTGAGE AND FINANCE, INC.: **Kent Hale, Craig, Terrill, Hale & Grantham, L.L.P., P.O. Box 1979, Lubbock, Texas 79408-1979, (806) 744-3232.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-10213-rlj |
| HENRY ELMO COLLINS and | § | |
| DEANNA LEA COLLINS | § | CHAPTER 13 |

### SECOND AMENDED AGREED ORDER MODIFYING AUTOMATIC STAY ON MOTION OF VANDERBILT MORTGAGE AND FINANCE, INC.

It appearing to the Court that a Motion for Relief from the Automatic Stay has been filed herein, wherein VANDERBILT MORTGAGE AND FINANCE, INC., ("VANDERBILT") is Movant and the above-named Debtor is the Respondent:

The Court finds that Movant and Respondent(s) have agreed to the entry of this Order.

The Court further finds a proper notice of the filing of the motion was given and that the parties agree that Movant has not been offered adequate protection for its interest, and finds that upon agreement by Movant and Respondent, this Order is in the best interests of the parties.

IT IS ORDERED that the Automatic Stay afforded by 11 U.S.C. §§ 362 and 1301(b) and the same is hereby modified as to VANDERBILT as follows:

1. Debtors shall make payments in the amount of the regular <u>bi-weekly</u> installments required under the Retail Installment Contract and Security Agreement ("the Contract"), beginning with the February 26, 2010 <u>bi-weekly</u> installment, and each successive bi-weekly installment on its due date, as required under the terms of the Contract **<u>direct</u>** to VANDERBILT **<u>outside</u>** the Debtor's Chapter 13 Plan.

2. Debtors shall immediately provide and pay for casualty insurance on the Home and Real Estate as provided for in the Contract and Deed of Trust, as well as any other monetary obligations under the Contract and Deed of Trust, including but not limited to any ad valorem taxes, if any.

3. Debtors shall comply with the terms and provisions of the Chapter 13 on the pre-petition arrearage to VANDERBILT, if any.

4. Debtors paid the post-petition arrearage pursuant to the Amended Agreed Order Modifying the Stay signed October 9, 2009 by the Court.

5. Debtors shall pay three (3) bi-weekly payments representing the total past due amount of $753.60 to be paid in six (6) <u>bi-weekly</u> installments **<u>outside</u>** the Plan **<u>directly</u>** to VANDERBILT beginning March 5, 2010 of $125.60 each.

6. In the event Debtors have made any additional payments that have been verified by VANDERBILT, the arrearage amount in this order will be reduced, with that payment being applied to the terminal payments due on the arrearage. These amounts will be acknowledged by letter from VANDERBILT's counsel to Debtors' counsel.

7. In the event Debtors default in the payments or insurance required to be made under this Order or the Contract, VANDERBILT, either on its own behalf or by and through its attorney, may send notice of such default, giving Debtors the right to cure the default within ten (10) days from the date of the notice. In the event Debtors fails to remedy the default within ten (10) days from the date of the notice, the Automatic Stay afforded by 11 U.S.C. §§ 362 and/or 1301 is lifted in its entirety as to VANDERBILT; and VANDERBILT may seek such relief and take such action, either judicially or non-judicially, as it would be entitled to commence as a secured creditor acting under the laws of the State of Texas or such other applicable state law. VANDERBILT shall not be obligated to send any more than two (2) notices of default under this Order. After the sending of two (2) notices of default under this paragraph of this Order, any subsequent default by Debtors shall automatically terminate the Automatic Stay as set forth without further action on VANDERBILT's part.

8. Movant is entitled to send simultaneously with notice set forth above any notice of default, right to cure default or other notice as required by any state or federal law which is applicable.

9. It is specifically agreed by Debtor and VANDERBILT that in the event default occurs as set forth above and Debtors fail to cure the default, no further action is required in the bankruptcy court and VANDERBILT may, at its option, exercise any and all state or federal law remedies.

10. It is further specifically agreed that VANDERBILT'S counsel may notify Debtors of default and send any notices by certified mail, return receipt requested, and by first class mail as required or permitted under the terms and provisions of this Order directly to Debtors, with a copy to Debtors' attorney of record.

11. It is further specifically agreed that in the event the automatic stay is terminated, Debtors shall furnish Movant with the location and/or directions to the Home and Real Estate within five (5) days of the date of this Order. Debtors shall furnish the location of the Home and Real Estate to their attorney of record, if any, who shall furnish the same to Movant's attorney of record.

12. Attached as Exhibit "A" is a notice that may be required under 15 U.S.C. §1692.

13. This Order shall remain in full force and affect in the event this case is converted to any other chapter in the Bankruptcy Code.

14. This Order is effective and enforceable upon its entry.

# End of Order #

**AGREED AND APPROVED**:

   /s/ Pamela J. Chaney
Pamela J. Chaney, Attorney for Debtor(s)


   /s/ Kent Hale
Kent Hale, Attorney for Movant


   /s/ Marc McBeath
Walter O'Cheskey, Chapter 13 Trustee

Respectfully submitted by:
Kent Hale
Craig, Terrill, Hale & Grantham, LLP
P.O. Box 1979
Lubbock, TX 79408
806.744.3232
806.744.2211-FAX
Email: kenth@cthglawfirm.com

Parties entitled to notice:
Henry Elmo Collins and
Deanna Lea Collins, Debtors
1120 S.W. Ave. A
Hamlin, TX 79520

Monte J. White, Attorney for Debtors
Monte J. White & Associates, P.C.
1106 Brook Avenue
Wichita Falls, TX 76301

Walter O'Cheskey, Chapter 13 Trustee
6308 Iola Avenue
Lubbock, TX 79424

U.S. Trustee
1100 Commerce, Room 976
Dallas, TX 75242

Vanderbilt Mortgage and Finance, Inc.
Account No.: 344218
Attn: Wade Hulsey
500 Alcoa Trail
Maryville, TN 37804

Kent Hale-Attorney for Movant
Craig, Terrill, Hale & Grantham, LLP
P.O. Box 1979
Lubbock, TX 79408

# EXHIBIT "A"

## REQUIRED NOTIFICATION UNDER 15 U.S.C. §1692
## SECTION G - VALIDATION OF DEBTS

You are hereby advised and sent written notice as follows:

1. The amount of the debt is $35,690.14.

2. The name of the creditor to whom you owe the debt is VANDERBILT MORTGAGE AND FINANCE, INC. ("VANDERBILT").

3. You are hereby advised that unless you, as the consumer, within thirty (30) days after the receipt of the letter and this notice, dispute the validity of this debt, or any portion thereof, this debt will be assumed to be valid by our office, acting as attorney for the above described creditor.

4. You are further hereby advised that if you, as the consumer, notify this office as attorney for the above described creditor within thirty (30) days after receipt of the letter and this notice that you are disputing the debt, or any portion thereof, judgment against you as consumer (if a judgment in fact exists) will be mailed to you as consumer by the attorneys for the above described creditor.

5. You are further advised that upon you as the consumer making a written request within the thirty (30) day period, we as attorneys for the above described creditor will provide you as consumer with the name and address of the original creditor, if it is different from the current creditor seeking to collect the debt.